**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Carlos Estrada-Jimenez

ORIGINAL

FILED
APR - 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 07cr3209-DLS |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OF POINTS AND AUTHORITIES REGARDING THE |
| CARLOS ESTRADA-JIMENEZ, ) | DEFENSE OF OFFICIAL RESTRAINT |
| Defendant. ) | |

I.

**MEMORANDUM REGARDING THE DEFENSE OF "OFFICIAL RESTRAINT"**

As counter-intuitive as it may sound, under Ninth Circuit law, a person has not "entered" the United States–despite being physically present in the United States–if that person has been continually surveilled by law enforcement. Such surveillance, known as "official restraint," is a perfect defense to the charge of being "found in" the United States.[1]

When the government elects to indict a person under the "found in" portion of 8 U.S.C. § 1326, the government must do more than demonstrate that a defendant was physically found within the United States. In this Circuit, "[p]hysical presence [in the United

---

[1] The government's weapon against a defense of "official restraint" is to simply indict its case correctly–as an *attempted* entry under 8 U.S.C. § 1326. *See United States v. Leos-Maldanado*, 302 F.3d 1061, 1063-64 (9th Cir. 2002).

States] is insufficient to sustain a conviction of being 'found in' the United States." *United States v. Cruz-Escoto*, 476 F.3d 1081, 1085 (9th Cir. 2007) (citation omitted). "The government must also prove that [an] individual 'entered the United States free from official restraint at the time officials discovered or apprehended him.'" *Id.* Where there is evidence to support an inference that a person entered the United States under official restraint, the "burden is on the government to establish lack of official restraint." *Id.*; *see also United States v. Bello-Bahena*, 411 F.3d 1083, 1090 (9th Cir. 2005).

"An alien is under 'official restraint' if, after crossing the border without authorization, he is 'deprived of [his] liberty and prevented from going at large within the United States." *Cruz-Escoto*, 476 F.3d at 1085 (citation omitted) (bracket in original). An "alien does not have to be in the physical custody of the authorities to be officially restrained; rather, the concept of official restraint is interpreted broadly [and the] restraint may take the form of surveillance, unbeknownst to the alien." *United States v. Gonzalez-Torres*, 309 F.3d 594, 598 (9th Cir. 2002). In other words, when "under surveillance, the alien has still not made an entry despite having crossed the border with the intention of evading inspection, because he lacks freedom to go at large and mix with the population." *Id.* (internal quotation marks omitted). In short, long-distance surveillance of a person qualifies as "official restraint." *See id.*; *see also Bello-Bahena*, 411 F.3d at 1090.

As one panel of the Ninth Circuit summarized this Circuit's doctrine of "official restraint"

> In those cases, where the aliens are caught right at the fence, under the full gaze of human eyes and electronic surveillance, we hold that they are not "in" the United States to be "found in." If they get out of sight for some substantial period, they are "in."

*United States v. Zalvala-Mendez*, 411 F.3d 1116, 1119 (9th Cir. 2004).

The upshot of the government indicting a person who was under "official restraint" under the "found in" portion of 8 U.S.C. § 1326 is a judgement of acquittal. *United States v. Pacheco-Medina*, 212 F.3d 1162, 1166 (9th Cir. 2000) ("because he was never free from official restraint, he did not commit the crime of being found in the United States.

2

Therefore, a judgment of not guilty must be entered."); *see also Gonzalez-Torres*, 309 F.3d at 598 ("Torres' motion for acquittal should have been granted because Torres failed to 'enter' the United States.").

## II.

## CONCLUSION

Mr. Estrada-Jimenez requests the Court consider this memorandum when ruling on his motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure, or alternatively, consider this memorandum when ruling on his request for a theory of defense instruction.

Respectfully submitted,

Dated: April 7, 2008

/s/ **ROBERT H. REXRODE, III**
Attorney for Mr. Estrada-Jimenez
robert_rexrode@rexrodelawoffices.com