**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Carlos Estrada-Jimenez

ORIGINAL

FILED
APR 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| UNITED STATES OF AMERICA, | ) CASE NO.   07cr3209-DLS |
|---|---|
| Plaintiff, | ) DATE:   April 7, 2008 |
| v. | ) TIME:   9:00 a.m. |
| CARLOS ESTRADA-JIMENEZ, | ) DEFENDANT'S THEORY OF DEFENSE |
| Defendant. | ) JURY INSTRUCTION |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
      PAUL COOK, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on April 7, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, the defendant, Carlos Estrada-Jimenez, by and through his counsel, Robert Rexrode, will ask this Court to instruct the jury with the following instruction.

Respectfully submitted,

Dated: April 7, 2008

**ROBERT H. REXRODE, III**
Attorney for Mr. Estrada-Jimenez
robert_rexrode@rexrodelawoffices.com

Defendant's Proposed Jury Instruction __1__ (with authority in text)

"Physical presence [in the United States] is insufficient to sustain a conviction of being 'found in' the United States." *United States v. Cruz-Escoto*, 476 F.3d 1081, 1085 (9th Cir. 2007) (citation omitted).

"The government must also prove that [an] individual 'entered the United States free from official restraint at the time officials discovered or apprehended him.'" *Id.*

"The burden is on the government to establish lack of official restraint." *Id.*

If you find the government has not proven beyond a reasonable doubt that Mr. Estrada-Jiminez was free from official restraint at the time he was apprehended, you must return a verdict of not guilty.

"A [person] is under 'official restraint' if, after crossing the border without authorization, he is 'deprived of [his] liberty and prevented from going at large within the United States.'" *Cruz-Escoto*, 476 F.3d at 1085 (citation omitted) (second bracket in original). "Because the concept of official restraint is interpreted broadly, [a person] need not be in physical custody of authorities to be officially restrained." *Id.* "[T]he restraint may take the form of surveillance, unbeknownst to the [person] . . . ." *Id.* (first bracket in original) (ellipses in original).

<u>Authority for Giving a Theory of Defense Instruction</u>

*United States v. Bello-Bahena*, 411 F.3d 1083, 1088 (9th Cir. 2005) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence.")

2

Defendant's Proposed Jury Instruction __1__ (without authority in text)

Physical presence in the United States is insufficient to sustain a conviction of being "found in" the United States. The government must also prove that an individual entered the United States free from official restraint at the time officials discovered or apprehended him.

The burden is on the government to establish lack of official restraint. If you find the government has not proven beyond a reasonable doubt that Mr. Estrada-Jiminez was free from official restraint at the time he was apprehended, you must return a verdict of not guilty.

A person is under "official restraint" if, after crossing the border without authorization, he is deprived of his liberty and prevented from going at large within the United States. Because the concept of official restraint is interpreted broadly, a person need not be in physical custody of authorities to be officially restrained. The restraint may take the form of surveillance, unbeknownst to the person.

COURT'S INSTRUCTION _____

Physical presence in the United States is insufficient to sustain a conviction of being "found in" the United States. The government must also prove that an individual entered the United States free from official restraint at the time officials discovered or apprehended him.

The burden is on the government to establish lack of official restraint. If you find the government has not proven beyond a reasonable doubt that Mr. Estrada-Jiminez was free from official restraint at the time he was apprehended, you must return a verdict of not guilty.

A person is under "official restraint" if, after crossing the border without authorization, he is deprived of his liberty and prevented from going at large within the United States. Because the concept of official restraint is interpreted broadly, a person need not be in physical custody of authorities to be officially restrained. The restraint may take the form of surveillance, unbeknownst to the person.